UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROLANDO ROBLES,
    Plaintiff,

  v.

THOMAS M. RIORDAN, TIMOTHY M.
POPE, and CRAIG PATON,
    Defendants.

No. 3:13-cv-01772 (JAM)

**RULING DENYING MOTION TO APPOINT COUNSEL
AND FOR CLASS CERTIFICATION**

    Plaintiff Rolando Robles has filed suit, claiming that his rights were violated by prison officials when he was subjected to a group strip search while incarcerated at the Robinson Correctional Institution in November 2011. He objects to the circumstances of the search (the strip searching of prisoners in groups of 13 and within the view of a female guard) and the failure of prison personnel to consider the effect of the searches on his mental impairments (including post-traumatic stress disorder, depression, and anxiety).  Doc. #55-1 at 2-11. According to plaintiff, "he had an interest in being provided an accommodation" for his mental impairments and that there was "a presumption, an unwritten rule, an unwritten policy or mutually explicit understandings that prisoners are to be searched out of view of other prisoner[]s, unless an emergency situation has occurred and it would be impractical." Doc. #55-1 at 3-4.  Plaintiff subsequently transferred from Robinson in mid-2012, and his address of record reflects that he has been released from prison.

    This Court has authority to appoint *pro bono* counsel to represent an indigent plaintiff. *See* 28 U.S.C. § 1915(e)(1). The Second Circuit, however, has cautioned district judges against the indiscriminate appointment of counsel, noting the limited number of attorneys who may be

available to accept *pro bono* appointments and that the courts do not "perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-74 (2d Cir. 1989) (*per curiam*).

> For many reasons courts should not grant such applications indiscriminately. Volunteer lawyer time is a precious commodity. Courts are given a major role in its distribution. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.
>
> Available volunteer-lawyer time should not be allocated arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant. The phrase *pro bono publico* suggests meaningfully that distribution of this resource should be made with reference to public benefit. The ancient adage about "the squeaky wheel" may well be an accurate statement of a law of nature; it should not be adopted also as a law of prescription.
>
> A further disadvantage of indiscriminate assignment is its capacity to demoralize volunteers and diminish an already inadequate resource. Injustice is not in short supply. Lawyers who volunteer their services hope to be employed in an effort to remedy injustice. If they find repeatedly that their services instead are devoted to giving the semblance of merit to undeserving complaints, then instead of giving their time through the courts they will offer it to agencies that make better use of it, or will not offer it at all.

*Id.* at 172-73. For this reason, the Second Circuit has made clear "the importance" of "requiring the indigent seeking a free lawyer to first pass the test of likely merit." *Id.* at 173.

Based on my review of plaintiff's filings, I cannot conclude at this time that his claim has likely merit. Assuming the truth of plaintiff's allegations, he acknowledges that his claims rest on "unwritten understandings" about the permissible circumstances of prisoner searches, and he does not identify case authority that categorically proscribes the type and manner of searches that prison officials allegedly undertook here. To the contrary, courts in this Circuit have upheld prison strip searches that have taken place in a group context and in the presence of guards of the opposite sex. *See, e.g., Israel v. City of New York*, 2012 WL 4762082, at *3 (S.D.N.Y. 2012) (citing cases). Plaintiff has yet to show that his claims have likely merit.

Because I decline to appoint counsel, I will deny plaintiff's motion for class certification as well. For obvious reasons of complexity and coordination of multiple parties, the class certification rule contemplates the active participation of counsel on behalf of the plaintiff class. *See* Fed. R. Civ. P. 23(g). Further, non-attorneys may only represent themselves, and therefore "a class action cannot be maintained by *pro se* litigants." *Miller v. Zerillo*, 2007 WL 4898361, at *1 (E.D.N.Y. 2007). In the absence of counsel, I need not address whether the remaining requirements for certification of a class are satisfied here, because it would not be appropriate for me to certify a class without the participation of counsel to represent the class.

Plaintiff's motion for appointment of counsel and for class certification (Doc. #55) is DENIED. This ruling is without prejudice to renewal of these motions in the event that additional factual developments in this case warrant the appointment of counsel.

It is so ordered.

Dated at New Haven this 15th day of September 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge